UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLA MCANALLY,

    Plaintiff,

v.                                                              CASE NO:_____

SYNERGISTIQ INTEGRATIVE
HEALTH, P.A., a Florida
Corporation, and
DR. DEEPA VERMA,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CARLA MCANALLY, ("Plaintiff") by and through her undersigned counsel, files this complaint against Defendants, SYNERGISTIQ INTEGRATIVE HEALTH, P.A., a Florida Corporation and DR. DEEPA VERMA (collectively "Defendants") and alleges:

## JURISDICTION

1. This is an action for unpaid wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and Florida Statutes § 448.110.

2. This Court's jurisdiction is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331 and 1337. Defendants engage in a regular

1

course of business within the Middle District of Florida and have allegedly committed acts in the Middle District of Florida in violation of Plaintiff's rights under federal law, thereby giving this Court personal jurisdiction over Defendants.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 216(b), 1331, 1337 and 1391. Pursuant to Middle District Local Rule 1.02(c), venue is proper in the Tampa Division of the Middle District of Florida because the alleged acts giving rise to Plaintiff's claims occurred in one of the counties of which the Tampa Division is comprised, as set forth in local Rule 1.02(b)(4).

4. This Court has supplemental jurisdiction over Plaintiff's Florida state law unpaid wage claims pursuant to 28 U.S.C §1367(a), because Plaintiff's state law unpaid wage claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as her overall claims.

**PARTIES**

5. Defendant, SYNERGISTIQ INTEGRATIVE HEALTH, P.A. ("SYNERGISTIQ"), is a professional service corporation organized under the laws of Florida with its principal place of business located at 3165 N,

McMullen Booth Rd, Suite D-2, Clearwater, Florida. At all times material hereto, SYNERGISTIQ was, and continues to be, engaged in business in Pinellas County, Florida.

6.  SYNERGISTIQ was, and continues to be, an "employer" within the meaning of the FLSA.

7.  At all times material to this action, SYNERGISTIQ was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8.  Based upon Plaintiff's information and belief, the annual gross revenue of SYNERGISTIQ was in excess of $500,000.00 per annum during the relevant time periods.

9.  At all times material to this action, SYNERGISTIQ had two or more employees handling, selling or otherwise working on office supplies, computers, telephones, and goods or materials that had been moved in or produced for commerce.

10.  At all times material to this action Plaintiff was an "employee" of SYNERGISTIQ within the meaning of the FLSA and Plaintiff does not fall within any classes of employees who are exempt from the FLSA's protections.

11. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

13. Defendant, DR. DEEPA VERMA ("VERMA"), is President and Director of SYNERGISTIQ. At all times relevant, VERMA maintained operational control over SYNERGISTIQ and was responsible for directing the day-to-day business practices of SYNERGISTIQ, including the company's employee pay policies, employee work schedules, and conditions of employment. VERMA had specific knowledge of SYNERGISTIQ's failure to pay Plaintiff and failed and refused to ensure that Plaintiff was properly paid the wages due to under FLSA. VERMA was therefore an employer as defined under 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

14. Defendants own and operate a medical practice in Clearwater, Florida. In connection with her employment, Plaintiff entered into a written employment agreement which provided that she would be paid an hourly wage of $24.25 dollars per hour for five days of work per week, Monday through Friday, 9 AM to 5 PM. The agreement further provides that

weekends and other evening time will be mutually agreed to between Employee and the Company. An unsigned copy of Plaintiff's written employment agreement is attached as Exhibit "A."

15. On or about July 17, 2020, Defendants hired Plaintiff to work as a non-exempt hourly-paid office manager.

16. Between July 2010 and November 1, 2020, Plaintiff routinely worked for Defendants in excess of forty (40) hours within a workweek, but received only her base hourly rate for all hours worked in excess of forty (40) hours in a single workweek.

17. Plaintiff soon discovered that none of the employees were receiving overtime pay for hours worked in excess of forty (40) hours in a single workweek.

18. On or about November 10, 2020, Plaintiff informed Defendants that she believed she and the other employees were entitled to overtime compensation for hours worked excess of forty (40) hours in a single workweek and demanded back pay for all of the unpaid overtime to which she was entitled. Plaintiff was initially informed that the matter would be resolved.

19.     Defendants subsequently implemented policies to ensure that none of the employees, Plaintiff included, continue to work an excess of forty (40) hours in a single workweek; however, Defendants did not take any steps to pay any of the past due overtime compensation.  In addition, without explanation Defendants failed to pay Plaintiff any benefits or the full amount of the quarterly bonus she was promised in which she was entitled to receive pursuant to her contract.

20.     Between November and December 2020, Plaintiff continued to request the past due overtime pay to which she was entitled, and was again informed that the matter would be resolved.

21.     However, by the end of January 2021, the matter was still not resolved and Plaintiff had still not received any of the past due overtime pay to which she was entitled.  In addition, Defendants again without explanation failed to pay benefits or the full amount of the quarterly bonus she was entitled under her contract.

22.     On March 14, 2021, Defendants terminated Plaintiff and have still failed and refused to pay Plaintiff the past due overtime compensation to which she is entitled and also failed and refused to pay Plaintiff any benefits or properly pay her quarterly bonuses as specified in her contract.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

24. Defendants' failure to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

25. Plaintiff has engaged the undersigned attorneys to prosecute this action on her behalf and is obligated to pay them a reasonable fee.

26. All conditions precedent to this suit have been performed, have occurred, or have otherwise been satisfied or waived.

## **COUNT I - RECOVERY OF UNPAID OVERTIME UNDER FLSA**

27. Plaintiff re-alleges Paragraphs 1 through 26.

28. From at least July of 2020 through November 1, 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Plaintiff was, and is, entitled to be paid at the statutory rate of pay for all hours worked in excess of forty (40) hours in a workweek.

30. At all times material hereto, Defendants failed to calculate the proper rate of pay as mandated by the FLSA.

31. Defendants' actions were willful and in reckless disregard for the provisions of the FLSA, as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when Defendants knew, or should have known, such was, and is, due.

32. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for time worked over forty (40) hours per week.

33. Pursuant to 29 U.S.C. §216 (b), Plaintiff is entitled to an award of reasonable attorneys' fees and costs incurred in connection with this action.

WHEREFORE, Plaintiff, CARLA MCANALLY, respectfully demands judgment against Defendants, SYNERGISTIQ INTEGRATIVE HEALTH, P.A. and DR. DEEPA VERMA, for an amount to be proven at trial equal to unpaid overtime compensation mandated by 29 U.S.C. § 207(a), plus liquidated damages in an equal amount as allowed under 29 U.S.C. § 216(b), attorneys' fees, costs, prejudgment interest, and such other and further relief as this Court deems proper.

## COUNT II - FLSA RETALIATION

34. Plaintiff re-alleges Paragraphs 1 through 26 of the Complaint.

35. Plaintiff engaged in protected activity under the FLSA when she demanded overtime compensation to which she was entitled under the FLSA.

36. In response and in retaliation for Plaintiff attempting to exercise her rights under the FLSA, Defendants failed and refused to pay Plaintiff benefits or the full amount of her quarterly bonuses to which she was entitled, and ultimately terminated her employment.

37. The acts of refusing to pay Plaintiff's benefits or the full amount of quarterly bonuses and then terminating her employment for attempting to enforce her rights under the FLSA constitute an act of retaliation as prohibited under 29 U.S.C. § 215(a)(3).

38. Defendants' retaliatory actions were willful and intentional and intended to punish Plaintiff for attempting to exercise her rights under the FLSA.

39. As a result of Defendants' retaliatory actions, Plaintiff has been damaged and continues to suffer damages.

40. In addition to Plaintiffs' monetary damages, Plaintiff has suffered and continues to suffer emotional harm, and mental anguish, fear and other mental pain and suffering as a direct and proximate result of Defendants' malicious and willful retaliatory actions.

WHEREFORE, Plaintiff, CARLA MCANALLY, respectfully demands judgment against Defendants, SYNERGISTIQ INTEGRATIVE HEALTH, P.A. and DR. DEEPA VERMA, for an award of damages for lost wages and benefits, emotional harm, liquidated damages, attorneys' fees, costs, prejudgment interest, and such other and further relief as this Court deems proper.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

41. Plaintiff re-alleges Paragraphs 1 through 26 of the Complaint.

42. This Court has supplemental jurisdiction over Plaintiff's state law unpaid wage claims pursuant to 28 U.S.C. §1367 because Plaintiff's state law claims form a part of the same case and controversy and arise out of the common nucleus of operative facts as the FLSA claims.

43. From at least May of 2015 and continuing through present, Plaintiff worked hours for which Plaintiff was not compensated. Plaintiff was, and is, entitled to be compensated for all hours worked.

44. Pursuant to Plaintiff's written employment contract, Plaintiff was to receive quarterly bonus of 20% of her quarterly salary paid within 30 days of the close of the quarter.

45. Plaintiff was informed that she was to receive her quarterly bonus payments, but Defendants failed and refused to properly pay the quarterly bonus payments as promised.

46. Defendants also failed and refused to pay Plaintiff's benefits as outlined in her employment contract.

47. Defendants' actions were willful and showed reckless disregard for the provisions of Chapter 448, Florida Statutes.

48. As a result of the foregoing, Plaintiff has suffered damages.

49. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to Florida Statutes §448.08.

WHEREFORE Plaintiff, CARLA MCANALLY, demands judgment against Defendants, SYNERGISTIQ INTEGRATIVE HEALTH, P.A. and DR. DEEPA VERMA, for damages, attorney's fees and costs pursuant to Fla. Stat. § 448.08, interest, and such other and further relief as this Court deems appropriate.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts of this Complaint.

Dated: April 15, 2021

                                                     *s/  Joseph P. Kenny*
                                                   Joseph P. Kenny, Esq.
                                                   Florida Bar No: 59996
                                                   Emails: joseph.kenny@webercrabb.com
                                                   sandra.peace@webercrabb.com
                                                   WEBER, CRABB & WEIN, P.A.
                                                   5453 Central Avenue
                                                   St. Petersburg, FL  33710
                                                   Telephone: (727) 828-9919
                                                   Facsimile: (727) 828-9924
                                                   Trial Counsel for Plaintiff